UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1999A21188 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Robert A. Speed | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 11381 Roxbury Street, Detroit, Michigan 48224.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,087.74 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,961.49 |
| C. Administrative Fee, Costs, Penalties | $20.28 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

  E. Attorneys fees                    $0.00

**Total Owed**                      **$3,069.51**

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.00% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

  A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

  B. For attorneys' fees to the extent allowed by law; and,

  C. For such other relief which the Court deems proper.

              Respectfully submitted,

          By: s/Charles J. Holzman (P35625)
             Holzman Corkery, PLLC
             Attorneys for Plaintiff
             Tamara Pearson (P56265)
             28366 Franklin Road
             Southfield, Michigan 48034
             (248) 352-4340
             usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Robert A. Speed
Robert Speed
128 Ferris
Highland Park, MI 48203

SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/12/98.

On or about 02/16/88, the borrower executed promissory note(s) to secure loan(s) of $1,600.00 from First American Savings, Inc. - Tucson, AZ at 8% percent interest per annum. This loan obligation was guaranteed by Northstar Guarantee, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $586.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/01/89, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,087.74 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 07/01/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,087.74 |
| Interest: | $ 771.74 |
| Administrative/Collection Costs: | $ 20.28 |
| Late fees | $ 0.00 |
| Total debt as of 11/12/98: | $1,879.76 |

Interest accrues on the principal shown here at the rate of $0.24 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/20/98        Name: _____
                             Title    Loan Analyst
                             Branch   Litigation Branch

0383 .88287701

HER EDUCATION ASSISTANCE FOUNDATION
BOX 64107 • ST. PAUL, MN 55164

*After lender completes application, mail HEAF copy only to this address.*

**LENDER COPY**

**GUARANTEED STUDENT LOAN (GSL) APPLICATION/PROMISSORY NOTE**

SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK–PRESS FIRMLY–OR TYPE)

| Field | Value |
|---|---|
| 1. NAME (NO NICKNAMES) | SPEED, FIRST Robert, M.I. A |
| 2. SOCIAL SECURITY NUMBER | |
| 3. WHEN WERE YOU BORN? | |
| 5. PERMANENT HOME PHONE | (313) 867-5074 |
| PERMANENT ADDRESS | 28 Ferris |
| CITY | HighlanPark |
| STATE | MI |
| ZIP | 48203 |
| 7. PERMANENT RESIDENT OF WHICH STATE | MI |
| 8a. DRIVER LICENSE NUMBER | NONE |
| 8b. STATE IN WHICH ISSUED | |
| 9. U.S. CITIZENSHIP STATUS | ☒ U.S. CITIZEN OR NATIONAL |
| ADDRESS WHILE IN SCHOOL | 128 Ferris HighlaN ParK MI 48203 |
| 10. PHONE AT SCHOOL | (313) 867-5074 |
| 11. MAJOR COURSE OF STUDY | 12 |
| 12. LOAN AMOUNT REQUESTED | $1600.00 |
| 13. LOAN PERIOD FROM | MO 2 YR 88 TO MO 7 YR 88 |

PRIOR LOAN INFORMATION

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)
20a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) OR PLUS LOANS? ☒ NO (GO TO 21a)
21a. DO YOU HAVE ANY UNPAID PLUS LOANS IF YOU BORROWED AS A PARENT UNDER THE PLUS LOAN PROGRAM? ☒ NO (GO TO 22a)

REFERENCES (YOU MUST PROVIDE THREE DIFFERENT NAMES, WITH DIFFERENT U.S. ADDRESSES AND PHONE NUMBERS)

22a. PARENT/GUARDIAN — NAME: Miss Alice Speed, STREET: 1449 Fielding, CITY STATE ZIP: Detroit MI 48223
22b. RELATIVE — NAME: Mr. Frank Speed, STREET: 1224 Monart, CITY STATE ZIP: Detroit MI 48221
22c. FRIEND — NAME: Miss Alice Taylor, STREET: 1229 Fielding, CITY STATE ZIP: Detroit MI 48220

NOTICE TO BORROWER: You must read the additional Promissory Note terms and the Borrower's Certification on the reverse side before signing this Promissory Note. PROMISE TO PAY: I promise to pay to the order of my lender the entire Loan Amount Requested shown above, to the extent that it is advanced to me...

23a. SIGNATURE OF BORROWER: X Robert Speed
23b. DATE BORROWER SIGNED: 2 16 88

*DOUBLE SIDED* (stamp)

SECTION B - TO BE COMPLETED BY SCHOOL

24. NAME OF SCHOOL: ROSS MEDICAL EDUCATION CENTER
25. ADDRESS: 15670 East Eight Mile, Detroit, MI 48205
26. PHONE: (313) 371-2131
27. SCHOOL CODE: 021801
31. STUDENT'S GRADE LEVEL: ☒ 1 (UNDERGRAD)
32. ANTICIPATED GRADUATION DATE: 7 22 88
33. STUDENT STATUS: ☒ INDEPENDENT
30. PERIOD LOAN WILL COVER: FROM MO 2 DAY 8 YR 88 TO MO 7 DAY 22 YR 88
34. ADJUSTED GROSS INCOME (AGI): $0
35. COST OF ATTENDANCE FOR LOAN PERIOD: $6154
36. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2100
37. EXPECTED FAMILY CONTRIBUTION (EFC): $2052
38. DIFFERENCE: $2002
39. SUGGESTED DISBURSEMENT DATES — 1ST DISB: 3 29 88
40. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? ☒ NO
41. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? ☒ NO
43a. SIGNATURE OF SCHOOL OFFICIAL: X Grace Bankhead
43b. DATE: 2 16 88
43c. PRINT NAME AND TITLE: GRACE BANKHEAD, FINANCIAL AID COORDINATOR

SECTION C - TO BE COMPLETED BY LENDER

44. NAME OF LENDER: First American Savings, Inc.
45. ADDRESS: 4380 N. Campbell Ave., Tucson, Arizona 85718 (602) 577-1122
46. LENDER CODE: 830909
52. IS THIS AN UNSUBSIDIZED LOAN? ☐ YES ☐ NO
53. LENDER ACCOUNT NUMBER:
55a. SIGNATURE OF LENDING OFFICIAL: X (signature)
PRINT NAME AND TITLE: BONNIE EICHHORN / VICE PRES.
55b. DATE SIGNED: 2 26 8

SECTION D - TO BE COMPLETED BY HEAF

SPEED, ROBERT, A

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_Loy Bell_     11-17-98
NAME                    DATE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee I have to pay on the amount of this application-promissory note and terms (mentioned in the Promissory Note) are:

1. Interest on the unpaid principal balance. The applicable interest rate on this loan will be figured in the following manner: If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 6%, the applicable interest rate on this loan will be 7%. If I have an unpaid principal balance on a Guaranteed Student Loan having an applicable interest rate of 7%, 8%, or 9%, the applicable interest rate on this loan will be the same as that of my other loan(s). If I have no outstanding Guaranteed Student Loans, my applicable interest rate on this loan will be 8%. I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary of Education (Secretary) (a) during the period I am in school on at least a half-time basis, (b) during the grace period described under Repayment in this Note, and (c) during the time my loan payments are deferred as allowed by and described under Deferment in this Note. If I am a "new borrower" (as defined below) with a period of enrollment beginning on or after July 1, 1988, my applicable interest rate on this loan will be 8% through the fourth year of repayment. Beginning on the first day of the fifth year of repayment, my applicable interest rate on the loan will be 10%. A "new borrower" is one who has no outstanding balance on a GSL, PLUS, ALAS, SLS or Consolidation Loan on the date he or she signs the promissory note for a loan to cover a period of enrollment beginning on or after July 1, 1988.

2. The Guarantee Fee

HEAF may charge a fee to guarantee my loan. [...] law, applicable regulations and HEAF policy an Fee will be deducted proportionately from each after July 1, 1987. I understand that this charge is attributable to any disbursement I do not receive applied to my loan balance or be returned to me actual guarantee fee charged.

3. The Origination Fee will be deducted from the by federal law and will be reflected on my disbursement. refunded, pro rata, on undisbursed amounts, if disbursement, if the loan check is not cashed check is returned to the lender uncashed.

## B. DISCLOSURE OF LOAN INFORMATION

I understand that before I receive my first loan sure statement that identifies all the terms of m[y loan].

## C. GENERAL

I understand that the lender has applied for Higher Education Assistance Foundation (HEAF) and the terms of this Promissory Note will be of the Higher Education Act of 1965, as amended under the Act, and the Rules and Regulations law, this Note shall be governed by the laws of [...]

## D. REPAYMENT

I will repay this loan in periodic installments [...] than the end of my grace period.

However, during the grace period I may request grace period begins when I cease to carry at a school that is participating in the Guara[nteed...]
1) The Secretary will pay the interest that a[ccrues] and during any deferment period, if it is d[etermined] made on my behalf under the regulations this loan is payable by the Secretary, the le[nder may bill] me. I may, however, choose to pay this inte[rest].
2) Once the repayment period begins I will [pay interest that] accrues on this loan, except that if the inte[rest for any] period was payable by the Secretary, the [...] any period described under Deferment in th[is Note].
3) The lender may add any interest to th[e principal that is] paid when it is due, in accordance with the [regulations of the] GSLP.
4) I will repay this loan over a repayment [period of not] more than 10 years. However, the followi[ng exceptions apply]:
a. If, during the grace period, I request a [repayment period of] a shorter period.
b. The lender may require a repayment [period to] ensure that during each year of the rep[ayment period my] GSL, PLUS or SLS program loans outs[tanding total at] least $600 of the unpaid principal of all su[ch loans].
c. If I qualify for postponement of my payments during any period described and [...] ment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.
5) If, during the grace period, I request a shorter repayment period, the lender may grant me a period shorter than 5 years. In that event, I may later choose to have the repayment period extended to 5 years.
6) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 4 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.
7) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.
8) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT

[I] understand that in certain instances authorized by the Act the payments I am required to make, as described under Repayment in this Note, may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. To obtain such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to r[epay] this loan in accordance with the terms established under Repayment in this Note, I may [req]uest the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment (as described in this Note) and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1. Definition—I understand that under the Act, and HEAF Rules and Regulations, any of following events is a default:
a. failing to make any installment payment when due, provided that this failure persists 180 days for a loan repayable in monthly installments or 240 days for a loan repayable less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as [a] loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) chan[ge my graduation] date, (c) change my name, or (d) change my permanent address.

[...] of the loan, including interest, imme[diately...] ose to schools I have attended (or a[re attending under any] of the following federal programs: Pe[ll Grant], [Supplemental Educational Opportunity Gra]nt, College Work-Study, State Stude[nt Incentive Grant, Natio]nal Direct Student Loan) Guarantee[d Student Loan]s (SLS), PLUS loans, or Consolidati[on Loan].

Repayment and Deferment in this Note [includ]ing attorney's fees, that are permitted b[y law to collect] these amounts. If this loan is referred fo[r collection under the Fair] Debt Collection Practices Act, I will pay [the un]paid principal and accrued interest. De[fault payab]le is at the option of the lender, which i[s HEAF] [...] and other requirements of law. Failure to [exercise] [...] of the lender's right to exercise the option

[...] hen be required to pay HEAF all amounts

[...] e a late charge if I fail to pay all or part of a [payment when] [...] r it is due or if I fail to provide written evi[dence of pay]-[me]nt deferred as described under Deferment [...] s for each dollar of each late installment.

[...] and its repayment will be reported to one or [more credit bureaus]
[...] n this loan, the lender, holder or guaranty [agency] au organizations. This may significantly and [adversely affect my cre]dit. The lender, holder or guaranty agency [must provide] at information about the default will be dis[closed if I] [e]nter into repayment on the loan within the 30 [days in respon]se to a request from any credit bureau orga[nization] [...] that organization about the accuracy and [...]

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X [signature]
TITLE [signature]
DATE 10/24/88

F0025  10-87

their agent of HEAF [...]
my loan application as references, for the purpose of learning my current address and telephone number. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand I am responsible for repaying any funds I receive that cannot reasonably be attributed to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE

_Jay Bill_     11-17-98
NAME                  DATE